**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF PUERTO RICO**

**CARMEN MILAGROS ORTIZ-QUILES**        **CIVIL NO. 03-1761 (DRD)**
Plaintiff

v.

**PUERTO RICO ELECTRICAL POWER**
**AUTHORITY et al.,**
Defendants

## ORDER

On August 17, 2004, the Court issued an *Order* in the instant case where the Court ordered defendants to answer plaintiff's first set of interrogatories an request for production of documents already past due on or before August 30, 2004; and to provide plaintiff with a copy of the summary of plaintiff's payroll and attendance record which was agreed upon by defendants and had not, to that date, been produced. Finally, the Court extended the cut off date for discovery procedures until September 30, 2004 and the filing of dispositive motions until October 15, 2004. The Court warned all parties that it would not grant any more extensions. (Docket No. 27).

Now, pending before the Court is plaintiff's *Second Motion to Compel Discovery, and Requesting the Imposition of Sanctions Under F.R.C.P. 37 and the Elimination of Allegations and/or Entry of Default Against Defendants and Requesting an Extension of Time for Plaintiff to Conduct Discovery* and *Motion Requesting Waiver of Defendants' Right to File Motion for Summary Judgment Pursuant to the Court's Order*. (Docket Nos. 30, and 31). Plaintiff explains to the Court that, regardless of the Court's *Order* of August 17, 2004, defendants have yet to fully comply with producing all of the requested information and/or documentation necessary for plaintiff to prepare adequately for taking of depositions. Furthermore, they have failed to formally notify their taking of depositions; have delivered unsigned interrogatories; have failed to supplement answers as agreed by the parties; and have failed to provide necessary files and documents within the time period accorded by the parties. Consequently, plaintiff requests the Court impose sanctions against defendants pursuant to Fed.R.Civ.P. 37; order that defendants be precluded from engaging in any further discovery, immediately serve plaintiff with their supplemental answers to interrogatories, and produce the documentation requires by plaintiff; and grant plaintiff a reasonable extension of time after receiving said information and documentation to determine which discovery, if any, needs to be conducted. Finally, plaintiff also requests the Court deem defendants' right to file any dispositive motion in the instant case waived due to their failure to file a timely dispositive motion on or before October 15, 2004 as previously ordered so that the case may move on to the damages phase. Both motions remain unopposed.

It is unquestionable that, once again, defendants have blatantly failed to comply with Fed.R.Civ.P. 33. Their reluctance to comply has resulted in their precluding plaintiff from finishing discovery within the deadline imposed by the Court. However, at this time, the Court holds its hand

and refrains from imposing economic sanctions.  Notwithstanding, the Court **ORDERS** defendants to produce supplemental answers to plaintiff's interrogatories no. 7, 8, 9, and 10, and produce all outstanding documentation requested by plaintiff in interrogatory no. 24 **on or before Monday, April 25, 2005**.

Finally, the Court is greatly dismayed with defendants' constant pattern of disregard towards this Court's orders, their gross failure to effectively respond to and communicate with plaintiff, and their unduly delaying of the proceedings in the instant case **without just cause** or without even requesting an extension of time regarding final discovery deadline in open violation to Circuit Court mandate in  O'Connell v. Hyatt, 357 F.3d 152, 154 (1st Cir. 2004).  The Court is, thus, moved to find the defendants in **DEFAULT** for reiterated failure to comply with Court management orders as to discovery.  *See* HNL v. Metro. Hockey Club, 427 U.S. 639, 643, 96 S.Ct. 2778, 2781 (1976) ("[H]ere, as in other areas of the law, the most sever in the spectrum of sanctions provided by statute or rule must be available to the district court in appropriate cases, not merely to penalize those whose conduct may be deemed to warrant such a sanction, but to deter those who might be tempted to such conduct in the absence of such a deterrent. [...] [W]e hold the District Judge did not abuse his discretion in finding bad faith on the part of these respondents [who failed to comply with the discover orders issued], and concluding the extreme sanction of dismissal was appropriate in this case by reason of respondents' 'flagrant bad faith' and their counsel's 'callous disregard' of thier responsibilities."); *see also* Chambers v. NASCO, Inc., 501 U.S. 32, 43, 111 S.Ct. 2123, 115 L.Ed.2d 27 (1991), *quoting* Chamorro v. Puerto Rican Cars, Inc., 304 F.3d 1, 4 (1st Cir. 2002); Diaz v. Gonzalez, 140 F.3d 312, 315 (1st Cir.1998); Damiani v. Rhode Island Hosp., 704 F.2d 12, 17 (1st Cir. 1983).  Accordingly, **the Clerk of Court is hereby ordered to ENTER DEFAULT against all defendants in the instant case**.

The Court **GRANTS** plaintiff a reasonable extension of time **until Monday, May 16, 2005** to conclude all further discovery necessary and advise the Court should they be ready for trial in default.  **Defendants' right to file any dispositive motions is waived as a reasonable sanction. ABSOLUTELY NO EXTENSIONS SHALL BE GRANTED.**

**IT IS SO ORDERED**.

Date: April 18, 2004  S/ Daniel R. Dominguez
**DANIEL R. DOMINGUEZ**
**U.S. DISTRICT JUDGE**